UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROPERTY OF THE PEOPLE, INC.,                )
1712 Eye Street NW, Suite 915                )
Washington, DC 20006,                        )
                                             )
                                             )
and                                          )  Judge _____
                                             )
RYAN NOAH SHAPIRO                            )  Civil Action No. _____
707 Pelton Ave #314                          )
Santa Cruz, CA 95060,                        )
                                             )
            PLAINTIFFS                        )
                                             )
      vs.                                    )
                                             )
DEPARTMENT OF JUSTICE                        )
950 Pennsylvania Ave NW                      )
Washington, DC 20530                         )
                                             )
            DEFENDANT                         )
_____       )

**<u>COMPLAINT</u>**

<u>THE PARTIES</u>

1.      Plaintiff Property of the People, Inc. (POP) is a 501(c)(3) charitable organization dedicated to governmental transparency in the service of democracy.

2.      Plaintiff Ryan Noah Shapiro is a founder of Property of the People and a Ph.D. candidate in the Department of Science, Technology, and Society (HASTS) at the Massachusetts Institute of Technology, as well as a former Research Affiliate at the Berkman Klein Center for Internet & Society at Harvard University. Plaintiff Ryan Noah Shapiro is an historian of national security, the policing of dissent, and governmental transparency.

3.      Defendant Department of Justice (DOJ) is a United States government agency.

4.      Justice Management Division (JMD) is a component of DOJ.

5.      Departmental Ethics Office (DEO) is an office within JMD.

6.      DEO has possession, custody and control of the records sought by Plaintiffs.

## JURISDICTION AND VENUE

7.      This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

8.      This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

9.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

10. On or around May 17, 2017, former FBI Director Robert Mueller was appointed by DOJ to serve as special counsel. Mr. Mueller's former law firm, WilmerHale, represents or has represented President Trump's son-in-law Jared Kushner and former Trump campaign manager Paul Manafort.

11. Mr. Mueller's former employment by WilmerHale implicates 5 C.F.R. § 2635 (2011) and Exec. Order No. 12674 (1989) as modified by Exec. Order No. 12731 (1990). These authorities impose certain restrictions on personal and business relationships of executive branch employees, ostensibly including Robert Mueller. Pursuant to 5 C.F.R. § 2635.502, DOJ may grant waivers of these restrictions in certain circumstances.

12. On June 28, 2017, Plaintiffs submitted to DOJ via facsimile a FOIA request for records concerning any such waiver granted to Mueller by DOJ following his appointment as special counsel.[1] The time period of this request is from January 20, 2017 on.

---

[1] Specifically, Plaintiffs' requested: 1) Any and all records mentioning, referring to, or discussing 5 C.F.R. 2635 (2011) and/or Exec. Order No. 12674 and/or Exec. Order No. 12731 as those provisions relate to Robert Mueller's role as special counsel; 2) Any and all emails and other correspondence to or from White House officials or employees mentioning or referring to Robert Mueller; 3) Any and

13. Plaintiffs Shapiro and POP requested that they be classified as representatives of the news media for FOIA fee category purposes. Additionally, Plaintiff Shapiro requested to be classified as an educational requester for FOIA fee category purposes.

14. Plaintiffs requested a complete waiver of fees.

15. On October 29, 2018, JMD acknowledged receipt of Plaintiffs' FOIA request via email and assigned it tracking number 114683. In that email, JMD requested confirmation that Plaintiffs were still seeking the requested records. That same day, October 29, 2018, Plaintiffs' representative confirmed that Plaintiffs are still seeking the records.

16. Defendant's formal response to case number 114683 was due twenty business days after it received Plaintiffs' June 28, 2017 request. Defendant's formal response was therefore due on or around July 27, 2017.

17. More than twenty business days have elapsed since Plaintiffs submitted their FOIA request to DOJ. As of the filing date of this complaint, Plaintiffs have not received a formal response from DOJ with a final determination on whether DOJ will release the requested records.

18. Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs are deemed to have exhausted their administrative remedies with regard to case number 114683 because Defendant has failed to comply with the statutory time limit.

COUNT I:
VIOLATION OF FOIA

19. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

---

all records mentioning, referring to, or discussing Robert Mueller's impartiality, credentials, potential conflicts of interest, and/or background with respect to his appointment as special counsel; and 4) Any and all other DEO records mentioning or referring to Robert Mueller, for the period January 20, 2017 on.

20. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

21. Defendant has violated FOIA by failing to timely respond with records responsive to Plaintiff's June 28, 2017 FOIA request as described herein.

22. Plaintiffs have been and continue to be irreparably harmed until Defendant produces the records requested by Plaintiff.


<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order Defendant to immediately process Plaintiffs' FOIA request;

(3) Order Defendant to grant Plaintiffs' requests for news media status and/or educational requester status for purposes of the FOIA fee category;

(4) Order Defendant to grant Plaintiffs a complete fee waiver;

(5) Grant Plaintiffs an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i); and

(6) Grant Plaintiffs such other and further relief which the Court deems proper.


Respectfully Submitted,

   /s/ Joseph Creed Kelly
Joseph Creed Kelly [DC 980286]
Law Office of Joseph Creed Kelly
1712 Eye Street NW
Suite 915
Washington, DC 20006
Ph/Fx: (202) 540-9021
jck@jcklegal.com

4

*Counsel for Plaintiffs*

Dated: November 21, 2018